We're going to move now to Appeal 25-1379. This is United States v. Brian Lewis We're going to begin with Oral Argument from Ms. Green. Thank you, Your Honors, may it please the Court, Counsel. My name is Brianna Peterson-Green of Shire and Ritchie, and I represent the Defendant Appellant Brian Lewis. Less than two weeks after Mr. Lewis' trial ended, his trial counsel, Christopher Amaro, filed three federal motions to withdraw in unrelated matters, saying his brain was so injured he could no longer practice law. Mr. Amaro had sustained a traumatic brain injury and suffered the psychological impacts of that condition during his representation of Mr. Lewis. The medical records support a finding that Mr. Amaro was not fit to practice law during the trial, and Mr. Amaro's filings support his belief that he was unfit to practice law. This case should be remanded because the trial court abused its discretion in failing to conduct an evidentiary hearing on claims of ineffective assistance of counsel, where the arguments were later substantiated by the medical records and reports detailing a history of treatment related to a traumatic brain injury that impacted trial counsel's memory and ability to practice law. Evidentiary hearing is essential in this case to resolve the issue of ineffective assistance of counsel. We also raised three other issues that the trial court aired in denying motion under 33b2, 33b1, and in denying motion 29, motion for acquittal. Now I'd like to start with the issue as it relates to the evidentiary hearing because I do think that is the most pressing. It is our belief the district court aired by failing to conduct an evidentiary hearing on Mr. Lewis's claim of ineffective assistance of counsel, because his arguments were later substantiated by medical records and reports detailing a history of treatment related to a traumatic brain injury, the district court scheduled an evidentiary hearing. They allowed us to engage in investigation and discovery efforts. That was when we discovered 11 days before trial, Mr. Amiro had met with a medical professional and disclosed memory issues impacting his ability to practice law and his intent to close down his practice. Now the district court did ultimately deny our motion for a new trial without an evidentiary hearing as the motion was untimely. It is our belief that this was an abuse of discretion, Mr. Lewis should have been granted leave to file out of time. The evidentiary hearing was set, the parties were present, Mr. Amiro was set to testify. Mr. Lewis's arguments calling the course of Mr. Amiro's representation into question have been substantiated by the investigation that we were allowed to conduct. Let's look at the timeliness issue if we do it somewhat piecemeal. Sure. But if we go just to rule 33b-1, all right, for the newly discovered evidence, the newly discovered evidence as I understand it that Mr. Lewis is relying on is counsel's medical condition. Correct. All right. Let's start here. Okay. So that's the first issue in the brief then. It is a little bit more of an unusual argument because we haven't really seen anything like this before, but this is where I said I raised the limited scope as to the constitutional issue of ineffective assistance of counsel. We're merely raising it as to this issue because as O'Malley says, newly discovered evidence can rely on a constitutional theory. And here the constitutional theory is the ineffective assistance and that new evidence was not available to Mr. Lewis at the time of his trial and it wasn't available to the court either. That evidence though would never be admissible with regard to either guilt or innocence.  And so we didn't get into the exact details of the ineffective assistance because we do not want to waive it on a 2255, but we did raise it in our motion for a new trial with leave to file out of time where we go into how it was very close to being a hung jury and maybe if trial counsel had been fit, had the memory capabilities and had conducted those inquiries that we will go into greater detail on a 2255 that we wouldn't be here today and he might have been acquitted. I know it is a bit of a stretch, but there's no way to know. When you say, Ms. Green, that you want to pursue the hearing and you want to pursue this under 33B1 and you refer to it as an ineffective assistance of counsel claim, do you think of it as a claim under Strickland v. Washington? No, I first, I, and the reason I'm asking you that, okay, is because in your brief, you refer to what transpired in light of Mr. Amaro's head injuries. You refer to it as a complete denial of counsel on page 23 and then on page 24, you call this a per se, a claim of per se ineffective assistance. So that's not Strickland v. Washington because as you know, Strickland v. Washington has a prejudice prong to it. Strickland does not establish a per se rule. Right. Yes. So I would, I believe that we would presume under Cronick. We didn't go into great detail over the ineffective assistance and I'd be happy to go into that more. But the presumption in Cronick is that counsel's assistance is essential and it requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial. Only when a surrounding circumstances. Yeah, a Cronick claim is different from a Strickland claim. Right. So here we're saying it would be like a presumption of ineffectiveness that we don't need to go into his actual performance at trial or into prejudice because his brain was impacted in such a way that we need an evidentiary hearing to go into what assessments he's made before we can get into a Strickland analysis. Okay. All right. Did I cover the first issue your honor? I wanted to dive into B-2 and whether or not there was excusable neglect. Absolutely. So under B-2, it was our belief that it is under excusable neglect. Now I noticed in counsel's brief, there's a difference between excusable neglect for Mr. Amiro and excusable neglect for Mr. Shire and myself. Now first for Mr. Amiro, I think excusable neglect is very clear here. He had a traumatic brain injury. He didn't speak to Mr. Lewis within the 14 days to file that motion for new trial. He didn't inform the court within that time period either. Now it seems to be the most two important prongs are the length of delay and the reason for delay. Would you like me to address Mr. Amiro's or just move straight to Mr. Shire's? I think it's fine. Go ahead and address those. Okay. So for Mr. Amiro, the length of delay, he was completely unavailable. Not until November 29th did Mr. Lewis file his pro se emergency motion. And then December 5th was when we had the status conference where Mr. Amiro indicated that he was unfit to practice law. So the length of delay, Mr. Lewis is not an attorney. He could not have known that of that 14 day time period. Now as for the length of delay for Mr. Shire, we entered our appearance February 6th, 2024. And then transcripts became available about a week later for that December 5th hearing. Our motion for new trial and leave to file at a time was filed. Well, it was beyond the 14 days though. It was beyond the 14 days. And so I think there are a couple different reasons why the excuse and the neglect argument is really important here because I believe counsel brings up the Cates case. So in Cates, counsel in that case filed two months after the fact. It wasn't a detailed motion. It was merely a request for more time. At that time, they also requested transcripts. There wasn't specific allegations, there wasn't a specific timeline. He said that he had conducted an investigation and inquiry into the underlying claims. But at that time, he was requesting transcripts. He couldn't have been reading the trial transcripts because they weren't available. Here it was about a month. We got transcripts for the trial before we entered. We didn't get that December 5th hearing transcript until a week after we entered. And then, our motion was not boilerplate. It was 22 pages. It was as thorough as we could be under the time constraint that we had. In Cates, they cite two, I believe, munos where they discuss a case that excusable neglect was present and unfortunately, in that case, the attorney did ask for a request for an additional five days. And then, ten weeks later, they filed the detailed motion. Here, we're within the ten-week time frame. However, we did not request additional time. Perhaps it was our belief under the facts that initially, the CJA appointed counsel was given time to read the transcripts and understand the facts of what was going on. We assumed maybe the same thing extended to us. These are really unusual circumstances and we were still trying to grapple with what was happening at the time. Would you like to reserve the remainder of your time? Yes, please, Your Honor. Thank you. Thank you, Ms. Green. Mr. Simpson will now move to you on behalf of the appellee. Good morning, Your Honors. May it please the Court. I'm Scott Simpson on behalf of the United States. I'd like to start by talking a little bit about the standard of review here. I believe defense counsel said or acknowledged that the standard here is abuse of discretion. But counsel also referred to both Rule 33 and Rule 29, under which the court standard of review is de novo. We believe that the standard here should be abuse of discretion, which, of course, is the standard that this court normally uses in reviewing a district court's denial of a motion for new trial under Rule 33. Mr. Lewis's original motion was entitled Motion for New Trial and Leave to File Out of Time. He filed three other, made three other filings thereafter in relation to the motion and all of those filings cited only Rule 33. And his appellate briefs here have repeatedly called it a motion for new trial. So the standard here should be abuse of discretion. Still, ultimately, we don't think it matters what the standard of review is because the district court's ruling here should be upheld under any standard of review. So on the merits, and I'll talk about, of course, about Rule 33. There's a balance, of course, between finality and fairness. And the deadlines in Rule 33 and 5B1 and 5B2 reflect the Supreme Court's assessment of that balance in relation to a motion for new trial. Finality is especially important when you're talking about the parties having gone through a trial, having expended their resources for a trial, and the jury having spoken. So in this case, the usual 14-day time limit should apply rather than the three-year time limit for a motion based on newly discovered evidence. Obviously, when you say the word evidence, you think of things that the jury would use to assess the defendant's guilt or innocence. And that the court, in a number of cases, for example, Ruth Rollins' cases cited in our brief, this court has said that that's what evidence means in Rule 33B1. It sounds like Lewis is pursuing a chronic approach. What are your thoughts on that? Well, Your Honor, I almost started my argument just now by saying we are here on a Rule 33 motion. I've handled before this court, of course, motions under Section 2255. We're here on our 33. We're here talking about the timeliness of the motion. They can, and presumably, I assume, they will file a motion under Section 2255. That's not what we're here on right now. We're here assessing whether the court, the district court, abused its discretion in finding that the motion was not timely. Mr. Simpson, can I ask you a couple legal questions? You've got massive experience in our court. Are you asking us to hold, and it's a question about breadth. That's what I'm trying to get at. Are you asking us to hold that under 33B1, the extended time limit, that an ineffective assistance of counsel claim categorically cannot be pursued? So, let's see. Maybe I'm getting confused. 33B1 is newly discovered evidence. Correct, right. So, are you saying that it, whether it's this fact pattern or any other that we sit around for the rest of the day and hypothesize that a claim of ineffective assistance of counsel, a la Strickland v. Washington, can never fit within B1 because it's not a claim based on newly discovered evidence? Yes. We are asking the court to rule that, Your Honor, and I think the correctness of that position is reflected in this court's precedent. As I mentioned, Ruth and Rollins talk about evidence under B1 being things that go to guilt or innocence. Now, the one case, I believe the one case, in which this court has gone beyond that is O'Malley. Of course, we recognize the correctness. We recognize the existence of that decision. But in O'Malley, the court kind of went just one step beyond that meaning, that understanding of evidence. In O'Malley, the information went to the accuracy of a key government witness' testimony on an element of the crime. Yeah, I mean, Brady Jiglio or Brady, however you want to, that definitely bears upon evidence and outcome of trial. It goes to, and let me, if I could just say, Your Honor, what I think, and my answer, what I'm going to say now will encompass an answer to that question, Your Honor. So what we believe this court's case law reflects in relation to what newly discovered evidence is, it can either be information that goes to guilt or innocence or it can be information that affects the jury's acceptance of evidence, the jury's weight of evidence, or the jury's admission of evidence going to guilt or innocence. So if there's a Brady or a Jiglio, however you want to pronounce it, if there's a Brady or a Jiglio violation, that would affect the acceptance, the court's acceptance of evidence. And when I say evidence, again, I mean information that goes to guilt or innocence. It does not include, then, based on this court's case law, newly discovered evidence does not include information about defense counsel's mental fitness, which is what we have here, or our performance. That kind of thing, again, is something that the defendant could raise in a claim of ineffective assistance. And this court has said many times, going back to what I said earlier about 2255, this court has said many times that the proper vehicle for a claim of ineffective assistance is a motion under Section 2255, and that's appropriate. That's what the court has said that many times. So again, we believe the 14-day time limit, I'm sorry, under Rule B-1 applies here. Can I ask you a follow-up question? Yes. Okay. I'm going to change the facts. Okay. And I want you to assume that the exact same motion was brought within 14 days, under 33B-2. Okay. Is the United States' position there that, well, if it's timely under B-2, even though it's an ineffective assistance claim, and even though you're quite right to say that the law wants to channel, U.S. Supreme Court has said this, wants to channel ineffective assistance to 2255 in federal criminal law, that if it's brought within 14 days, it can be adjudicated? Your Honor, that would be an interesting scenario. I would think. I can't see . . . So what it would mean here would just be so . . . I don't remember the guy's name, Reine or . . . some public defender that was in the . . . Reine. Okay. There was a public defender that, if the public defender had filed the exact same motion that Ms. Green and her colleague filed, right then it might be within the 14 days that way. And that issue would be squarely before us. And the question I have then on that hypothetical, it's not the fact pattern, I know that, is would the United States be of a view that the ineffective assistance of counsel claim, albeit in a very odd posture, could be adjudicated on the merits under the standard in 33A and the time period in B-2? Very strange situation. You would have a . . . I suppose it would be a different standard. Would it even be strickland? I'm not sure. Wouldn't that be the standard under Rule 33? And I suppose if the district court did that, the district court would assess it under the Rule 33 standard, and this court perhaps would address it . . . What concerns me about it is there's at least . . . there's actually a pretty active circuit split on this. It's a four to three circuit split. So we're going to have to figure out where we go on it. Okay. But what concerns me about it is if the answer to the hypothetical is yes, the ineffective assistance of counsel claim can be adjudicated if it's brought within the 14 days. Okay. Then what the criminal defendant is going to face is a predicament of one and only one shot at an ineffective assistance of counsel claim. It's very hard for me to envision a world where you say, well, I adjudicated the ineffective assistance of counsel claim under the B-2 time period, but I now have a different one, another one that I want to pursue under 2255. So there's . . . in other words, that kind of . . . all of that channeling to 2255 can create a real predicament for a defendant that's insisting under B-2 on the adjudication of the ineffective assistance claim within the 14-day period. My understanding . . . That's what I'm worried about. My understanding of this court's case law when the court says over and over that Section 2255 is the correct vehicle for an ineffective assistance claim. I believe the main reason for that is that it's in the 2255 context where the defendant can get the additional . . . can more easily get the additional factual development that would be needed for that ineffective assistance claim. Based upon the waiver of the attorney-client privilege. Correct. Correct, exactly. So I think if, again, if the district court would have addressed it under Rule 33 in that kind of context, it would be somewhat limited and this court would probably remind the district court that it needs to be under 2255 because of the need for additional development in the record. Well, okay. But ordinarily that is absolutely right. But here you have the oddity of counsel changing. So the counsel that is on this fact pattern anyway, the counsel that is pursuing the Rule 33 relief is not trial counsel, right? Mr. Romero withdrew. So then you have the public defender and then you have Ms. Green's firm that steps in. So that, again, goes to the excusable neglect which I was going to go to next. If I could just kind of summarize the factual scenario here. So Mr. Romero revealed his diagnosis about a month after trial. At that point, the court appointed Mr. Brining from the public defender's office. Mr. Brining represented the defendant for two months. In the middle of that period, it was actually in the middle of that two-month period when Mr. Brining represented him, that the trial transcripts became available. They were filed in the docket at that point. And Mr. Brining, during that two-month period, did not file, of course, did not file a motion for new trial. Then Attorney Shearer comes in, makes his appearance, and did not file a motion for new trial for a month. So what we have there total is four months after trial. And kind of going back to what I said about fairness and finality, we submit that that four-month delay definitely does not serve fairness and finality, especially because, and I think this may have been referred to already this morning, if Mr. Romero's performance was inadequate, had been inadequate, deficient, that should have been evident during trial. Now just to be clear, and I think this goes a little bit toward what you were asking, Judge Scudder, just to be clear, the government is not relying here on any delay while Mr. Romero was still representing Mr. Lewis. He didn't file that for a month, he didn't file that motion for a month within the 14 days, and we are not relying on that. But we are relying on the fact that Mr. Brining, the public defender, did not file a motion during the two months he represented Mr. Lewis. And of course on the fact that Attorney Shearer did not file a motion until a month after his appearance. Also in relation to excusable neglect, there was discussion about why Mr. Shearer had not filed a motion earlier. The district court asked him that I believe, and his answer was basically his schedule, he needed time to review the record and so forth and prepare the motion. He did not, I should point out, and this also may have been mentioned earlier, he did not file a motion as he could have within that 14 day period saying, Mr. President, Judge, I just got on this case, could I have more time to file this motion under Rule 33? But in relation to his statement that he just needed more time because of his schedule, this court has said, this is in the case decision, neglect due to a busy schedule is generally not excusable. On the Rule 33 issue, on the real facts not the hypothetical facts, does it make any difference to you whether it's a chronic claim or a Strickland claim as a legal matter? The reason I'm asking you that is those are distinct claims. If there's a complete deprivation of  you don't have to ask whether counsel was ineffective. It's structural error. So if Ms. Green, I don't know, it may be too late in the day to try to amend this. Okay. But it would be possible if it's a chronic claim and it could get in under B2 that there's no subsequent 2255 bar to the Strickland claim. You see what I mean? I see what you mean,  except that I guess this is falling to the merits. A chronic claim is a heavy lift. It's a yeah, it would be the chronic claim would be almost impossible because on the record it looked like he did okay at trial. I see that my time is up. If you want, I could address the evidentiary hearing issue. Otherwise we will ask the court to affirm the issue. I think you're right in your brief. Thank you, Mr. Simpson.  Green will go back to you now for rebuttal argument. Thank you. Please the court. I do agree with counsel that there is a balance between finality and  but by now finality cannot come at the expense of  The district court allowed us to conduct an investigation into what was happening with Mr.  That was when we discovered before trial 11 days before trial. He had this mental impairment where he cited memory loss. He wanted to close down his practice of law,  anxiety, night terrors, etc. Because that issue has now been opened and the door has been opened to that something has to be done and if that means the district court allows us to actively investigate under B2 under the chronic where we are able to maybe have an evidentiary hearing which was already outlined a stipulation by the party ahead of time was prepared so we can get to the root of what's going on with Mr. Amiro and then still have that avenue to preserve a 2255 under Strickland maybe that's what needs to happen but under these facts and under this record it's unclear to me how we can proceed and say that finality should come before fairness. Ms. Green, let me try to let me ask you a legal question. I'm not I'm not trying to give you a pop quiz or anything like that. I just want to know what your instinct is on this. Okay. You're very focused on the fact pattern here, which I totally understand.  are you asking us to hold as a legal matter okay that all ineffective assistance claims if they're brought within that B1 time window okay can be considered on the merits in a new trial motion under Rule 33. In other words, what I'm asking you to do is step out of this fact pattern for a  because we have to resolve this case there's no question but we've got to think about the next case when we draft an opinion and what I'm trying to figure out is are you saying an ineffective as a forget the fact pattern for a  as a purely legal matter I don't think it should be a hard and fast rule because there is the balance of the factors to look into when you get into the facts which you told me to ignore no I know you're doing a good job on the facts I get that okay so in your view it's case by we should just do it case by case I am asking the court to hold that it's possible to bring it on your v1 because as it stands right now counsel is arguing that that's not an avenue at all and I think that would be an inappropriate holding it would foreclose this possibility in all cases and that would be hard and fast okay  do you say to Mr. Simpson saying well hold on you're right to say it would be foreclosed under rule 33 but 2255 is available 2255 is available as an  but there are still separate matters that you can get to the bottom of in the  the hearing we have the benefit of having more facts here because the district court allowed us to investigate before denying nearly a year later we haven't had that avenue where would be right now if you follow 2255 you can file it right in the same court and you can accompany it with a request for an   I don't know it's not us we're not the district court but evidentiary hearings are available in effective assistance of counsel proceedings and if you want to check me on that you can look at 2255 E. Would we still have the opportunity to have a new  though if we ended up ultimately determining that the  was in       going to be a question of the 2255 remedy okay but it's not all I'm trying to say okay is it's not as if there can that evidentiary hearings are disallowed in 2255 no no if the    going to have  channel in effective assistance claims so a factual record can get developed would that foreclose our opportunity to proceed under the I see I'm out of time did you have any other questions for me? No. No. Thank you Ms. Green. Thank you.  Mr. Simpson in the case we've taken our advisement.